IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**IN THE MATTER OF:**
IN RE THE ISSUANCE OF COURT
ORDER TO REVIEW MEDICAL
RECORDS PURSUANT TO 38 U.S.C.
§ 7332(b)(2)(D),

Case No. 15-MC-15

WISCONSIN DEPARTMENT OF SAFETY
AND PROFESSIONAL SERVICES and
U.S. DEPARTMENT OF VETERANS
AFFAIRS,

Interested Parties.

## ORDER

Upon consideration of the Wisconsin Department of Safety and Professional Services' (DSPS) Motion for Order to Disclose Patient Records, Dkt. No. 14, requesting an order pursuant to 38 U.S.C. § 7332(b)(2)(D), permitting the United States Department of Veterans Affairs (VA) to disclose to the DSPS releasing the VA's complete evidentiary file, and any other files in its possession related to any investigation, inquiry or review regarding the revocation of Dr. David J. Houlihan's clinical privileges and his termination from the Tomah VA Medical Center, and finding that:

1. The VA Medical Center in Tomah, Wisconsin (VAMC Tomah) has records relating to the treatment of certain patients that are protected from unauthorized disclosure by 38 U.S.C. § 7332(a)(1);

2. The VA has a statutory obligation to protect the unauthorized disclosure of certain patient records of patients at the VAMC Tomah, absent an appropriate court order;

3. Good cause exists for the Order in that:

    a. Disclosure of patient records to the DSPS is required in order for the DSPS to conduct its investigation that is in the public interest as well as in the interest of the patients at the VAMC Tomah;

    b. Because DSPS has made a showing that it needs patient prescribing information, diagnosis information, and treatment information, there is no other way for DSPS to obtain this information than from the VAMC Tomah patient records;

    c. Because of the nature of the investigation, the public interest and need for disclosure of VAMC Tomah patient records outweighs the potential injury to the patient, the physician-patient relationship, and the treatment services; and

    d. To ensure that the VAMC Tomah patient records maintain their confidential nature, the Court will impose certain safeguards to prevent unauthorized disclosure, in accordance with 38 U.S.C. § 7332(b)(2)(D).

Accordingly, IT IS ORDERED that:

1. The VA may disclose to the DSPS its complete evidentiary file, and any other files in its possession related to any investigation, inquiry or review regarding the

revocation of Dr. David J. Houlihan's clinical privileges and his termination from the Tomah VA Medical Center.

2. The DSPS shall maintain the patient records in files or folders marked "CONFIDENTIAL" and maintain them in a secure room or locked file cabinet when not in use;

3. The DSPS shall not re-disclose patient records covered by this Order to any other individual or entity, except as necessary in a closed administrative or judicial hearing;

4. The DSPS shall use patient records only for the purposes of the investigation, and any ensuing administrative action or litigation, set forth in the DSPS's Motion and the accompanying Declaration in support thereof;

5. At the conclusion of the investigation and any resulting litigation or administrative action by DSPS, DSPS shall either (a) return the patient records and all copies thereof to the Privacy Officer at the VAMC Tomah, 500 East Veterans Street, Tomah, Wisconsin 54660, or (b) destroy the records and all copies thereof. If DSPS chooses to destroy the records, DSPS must notify the Privacy Officer at the VAMC Tomah in writing that the records and all copies thereof have been destroyed; and

6. By complying with this Order, the VA and its agents and employees are hereby relieved of any penalties to which they could otherwise be subjected pursuant to 5 U.S.C. § 552a and 38 U.S.C. § 7332.

Entered this 23d day of March, 2016.

BY THE COURT:

_____
STEPHEN L. CROCKER
United States Magistrate Judge